UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIK DAVIDSON, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> GARY GENSLER, in his official capacity as Chairman of the U.S. Securities and Exchange Commission, *et al.*, <br><br> Defendants. | Case No. 6:24-cv-00197-ADA |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' PAGE-EXTENSION MOTION**

Rather than confer with Defendants or seek this Court's permission in advance, Plaintiffs forged ahead and drafted a 122-page brief—over twice the presumptive page limit—and then sought consent from Defendants and leave from this Court on the day the brief was due. Had Plaintiffs raised their page-limit concerns before the filing day, perhaps the parties could have conferred in a meaningful way and brought a proposed solution to the Court. Instead, Plaintiffs *first* decided how long they wanted their brief to be, and only then asked Defendants and this Court to accede to their desired length. The result is a belated request to file a brief that is beyond what is conceivably necessary to address the issues in this case. This Court should reject Plaintiffs' request and order them to file a reasonably sized brief.

Plaintiffs filed a complaint and later moved for a stay and preliminary injunction, seeking to enjoin any use of the Consolidated Audit Trail. *See* Pls.' Mot. for Stay & Prelim. Inj., ECF No. 25-1. Per the parties' agreement, the Court allowed Plaintiffs to file a 41-page memorandum in support of their motion and allowed both the government Defendants and the private Defendant to file a 42-page response brief. *See* Order Regarding Page Limits, ECF

1

No. 29 (June 10, 2024).  The Court later granted Defendants' motion to combine briefing on Plaintiffs' preliminary-injunction motion and Defendants' motions to dismiss, allowing for more efficient briefing with the government and private Defendants each filing a single combined brief of up to 62 pages: 42 pages for their preliminary-injunction oppositions plus the default 20 pages for their motions to dismiss.  *See* Text Order (July 2, 2024); Local Rule CV-7 (20-page limit for motions and response briefs).  Defendants filed those briefs—totaling 111 pages across two briefs—over a month ago, on July 12, 2024.  *See* Order, ECF No. 28 (June 10, 2024) (setting schedule); Defs.' Brs., ECF Nos. 38 & 39.  Plaintiffs' combined brief—an opposition to Defendants' motions to dismiss and a reply in support of their preliminary-inunction motion—was due yesterday, August 15, 2024.

While Plaintiffs must have known some time ago that their brief would be over the Local Rules' default page limits, they failed to confer with Defendants ahead of time or file a motion seeking an enlargement, instead waiting until filing day to ask Defendants for agreement to file a 128-page brief.  *Contra Malibu Consulting Corp. v. Funair Corp.*, 2007 WL 5328995, at *1 (W.D. Tex. Oct. 31, 2007) ("If a page extension is needed, a properly filed motion *before* the deadline is the correct procedural step to take." (emphasis added)).  Defendants declined but offered their consent to a 90-page brief.  Plaintiffs then filed their page-extension motion seeking 122 pages.  *See* Pls.' Mot., ECF No. 43.

There is no reason Plaintiffs need 122 pages for their brief.  They first filed a 41-page preliminary-injunction brief that was double the page limit allowed by the Local Rules.  *See* Local Rule CV-7 (20-page limit for motions).  Defendants then received a commensurate enlargement for their opposition briefs, combined with the default number of pages for their motions to dismiss.  *See id.* (20-page limit for motions and response briefs); Text Order (July 2, 2024).  If the Court followed that same pattern here—default pages for the motion-to-dismiss briefing and about double the default pages for preliminary-injunction briefing—Plaintiffs would be allowed at most 61 pages: 20 pages each to oppose the two motions to dismiss, plus

another 20 (or perhaps 21) pages for their preliminary-injunction reply. *See* Local Rule CV-7 (20-page limit for response briefs and 10-page limit for replies).

As Defendants expressed when Plaintiffs asked for agreement on the final day, Defendants would consent to a 90-page consolidated brief (already a hefty brief by any measure), since both sets of Defendants responded separately to Plaintiffs' motion and filed separate motions to dismiss, and in the interest of working cooperatively to resolve this issue. A 90-page limit should have been more than enough for Plaintiffs to address the legal issues presented. If Defendants were able to submit the equivalent of four principal briefs in 111 pages, there is no reason Plaintiffs need *more* pages to submit the equivalent of two principal briefs and a reply, especially given the overlap in subject matter of those three briefs. And had Plaintiffs requested consent from Defendants reasonably in advance of the filing, Plaintiffs could have either conformed their brief to the agreed-upon limit or sought timely relief from this Court if they found Defendants' 90-page offer to be unreasonable. Instead, Plaintiffs requested consent to an overlength brief when it would be impossible to reach any agreement short of what Plaintiffs wanted.

The Court should reject Plaintiffs' attempt to retrofit their page "limit" onto whatever brief length they desire. Halfway through these consolidated motions, the Court already has 152 pages of briefing. Allowing Plaintiffs' proposed 122-page brief, with a commensurate extension for Defendants' replies, could put the total briefing around 400 pages (not including exhibits). That is an unnecessary burden on the Court and Defendants. The Court should therefore deny Plaintiffs' page-extension motion, order them to file a shorter brief by August 19, 2024, and extend Defendants' deadline for their reply briefs to September 23, 2024.

DATED:  August 16, 2024	Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Stephen Ehrlich*
STEPHEN EHRLICH
ALEXANDER V. SVERDLOV
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone:  (202) 305-9803
Email:   stephen.ehrlich@usdoj.gov

*Counsel for the SEC Defendants*

| | |
|---|---|
| IAN HEATH GERSHENGORN*<br>ADAM G. UNIKOWSKY*<br>ELIZABETH B. DEUTSCH*<br>JONATHAN J. MARSHALL*<br>Jenner & Block LLP<br>1099 New York Avenue, NW,<br>   Suite 900<br>Washington, D.C. 20001<br>(202) 639-6000<br>igershengorn@jenner.com<br>aunikowsky@jenner.com<br>edeutsch@jenner.com<br>jmarshall@jenner.com | /s/ *Gregory M. Boyle*<br>GREGORY M. BOYLE*<br>MICHAEL F. LINDEN*<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 222-9350<br>gboyle@jenner.com<br>mlinden@jenner.com<br><br>DAVID N. DEACONSON<br>Texas Bar No. 05673400<br>Pakis, Giotes, Burleson &<br>   Deaconson, P.C.<br>400 Austin Avenue, 4th Floor<br>Waco, TX 76701<br>(254) 297-7300<br>deaconson@pakislaw.com<br><br>*Counsel for Defendant Consolidated Audit*<br>   *Trail, LLC*<br><br>*Admitted Pro Hac Vice |