IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIK DAVIDSON, JOHN RESTIVO AND NATIONAL CENTER FOR PUBLIC POLICY RESEARCH<br><br>      Plaintiffs,<br><br>v.<br><br>GARY GENSLER, *et al.,*<br><br>      Defendants. | Civil Action No. 6:24-cv-00197<br><br>**ORAL ARGUMENT NOT REQUESTED** |

### RESPONSE TO DEFENDANT SEC'S OBJECTION REGARDING BRIEFING LENGTHS FOR COMBINED MOTIONS

    The court's order (Dkt. ECF 30-1 June 21, 2024) granting both Defendants 62 pages each for a combined 124 pages for their Motions to Dismiss and Response to Plaintiffs' Mot. for Stay or Preliminary Injunction, made a responsive brief by Plaintiffs in that ballpark foreseeable. SEC's suggestion that Plaintiffs agree to 90 pages and thus be allotted 34 fewer pages in reply, is not a reasonable ask. As CAT LLC raised distinct issues in its separate brief, Plaintiffs had to do battle on two fronts.

    Plaintiffs sought leave to file their 122-page memorandum because Defendants, and in particular SEC, ignored controlling Supreme Court and Fifth Circuit authority that rendered their main argument—lack of subject matter jurisdiction—meritless. This required Plaintiffs to set out the facts and reasoning of those cases, *Free Enterprise Fund*, 561 U.S. 477 (2010) (*FEF*), *Cochran v. SEC* en banc, 20 F.4th 194 (5th Cir. 2021), and *Axon v. FTC/Cochran v. SEC*, 598 U.S. 175 (2023) and their holdings to respond to an argument that plaintiffs were surprised to see advanced,

given that *FEF* was a unanimous jurisdictional holding allowing plaintiffs to challenge the PCAOB in district court under the same statute § 78y, and SEC was a party to the other two cases. In addition, Defendants questioned the suit's timeliness despite the Supreme Court's recent decision in *Corner Post v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S.Ct. 2440 (2024) that disposed of such an argument. The subject-matter jurisdictional argument also required Plaintiffs to set out detailed statutory analysis under the '34 Act to show why SEC's jurisdictional argument relied upon both an inapplicable case under the Investment Advisors Act and a misconstruction of how rules vs. orders may be challenged under § 78y of the Exchange Act, and thus did not and could not have bearing on the court's jurisdictional consideration. This briefing occupied nearly 16 pages (pp.7–23) on meritless jurisdictional issues Plaintiffs could not safely ignore.

The SEC also added a new argument that it had not previously made, that § 17 of the Exchange Act, 15 U.S.C. § 78q, could provide statutory authority for the CAT. That novel position required a 6-page discussion of the SEC and the CAT's regulatory history and relevant case law (pp.39–45) to rebut.

And finally, through no fault of any party, the en banc Fifth Circuit handed down a decision in late July, *Consumers' Research v. FCC*, No. 22-60008, 2024 WL 3517592 (5th Cir. 2024) that provided on-point new controlling circuit authority for Plaintiffs' vesting, tax, and appropriations claims in this case.

Thus, Plaintiffs' request for leave to file a responsive brief within the length the court had originally ordered for defendants' combined briefing was appropriate, and anything but presumptuous as SEC's objection suggests.

                                                    Respectfully submitted,

                                                    <u>/s/ Margaret A. Little</u>

| | |
|---|---|
| Mark D. Siegmund | Margaret A. Little CT303494 |
| State Bar Number 24117055 | Andrew J. Morris* |
| CHERRY JOHNSON SIEGMUND | Margot J. Cleveland* |
| JAMES PLLC | NEW CIVIL LIBERTIES ALLIANCE |
| The Roosevelt Tower | 1225 19th St. NW, Suite 450 |
| 400 Austin Avenue, 9th Floor | Washington, DC 20036 |
| Waco, Texas 76701 | Tel: (202) 869-5210 |
| Tel: (254) 732-2242 | Fax: (202) 869-5238 |
| Fax: (866) 627-3509 | *Admitted *Pro Hac Vice* |

                                                  *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2024, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Margaret A. Little
Margaret A. Little