IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIK DAVIDSON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>GARY GENSLER, *et al.*,<br><br>    Defendants. | Civil Action No. 6:24-cv-00197<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' OBJECTION TO DEFENDANT SEC'S
<u>MOTION FOR EXTENSION OF PAGE LIMITS</u>**

Plaintffs oppose the SEC Defendants' Motion for Extension of Page Limits ("Motion") as follows.

1. The motion is procedurally improper. It has no certificate of conference as required by local rule CV-7(g) ("Conference Required") (requiring movant to "certifies the specific reason that no agreement could be made"). Indeed, SEC could not certify "that no agreement could be made," as the parties were still negotiating their request for additional pages for their response. *See* Exhibit 1.

2. Plaintiffs had agreed (in writing) that Defendants each could file a 45-page brief, and Plaintiffs had understood that the parties still were conferring about the issue (*see* email from Plaintiffs' counsel to all Defendants' counsel, attached hereto as Exhibit 1). Indeed, Plaintiffs have reached agreement with CAT LLC that CAT LLC can file a brief of 45 pages. *See* email from counsel for CAT LLC, attached hereto as Exhibit 2.

3. Instead of responding to Plaintiffs' reasonable suggestion of 45 pages—which is more than half of the brief responding to SEC's arguments, one Defendant only has run to the Court to put those negotiations before this Ccourt to decide, rather than conform to the rules requiring the parties to negotiate amongst the parties to reach either agreement or an impasse, neither of which is presented to the Court here.

4. This dispute illustrates why, earlier in this case, Plaintiffs' objected to combined briefing of each Defendant's Motion to Dismiss and its separate Response to Plaintiffs' Motion for a Preliminary Injunction.  In their current request, the Defendants are doubling up page counts without consideration of how the combined briefs address separate arguments.

5. SEC's motion further makes insupportable claims, such as "Plaintiffs press arguments that they have not previously developed, both on jurisdiction and the merits … including three jurisdictional arguments and eight claims of statutory construction with two major issues as well as constitutional claims etc. First, Fourth, and Fifth Amendments and the Appropriations Clause." SEC Mot. at 2.

6. Plaintiffs dispute that characterization.  Plaintiffs made the arguments that were responsive to the SEC Defendants' Motion to Dismiss. For example, Plaintiffs' jurisdictional arguments are necessary *responses* to defendants' unmerited subject matter jurisdictional claims.  Those are contrary to both Supreme Court and Fifth Circuit authority.  There would be no reason for Plaintiff's to previously raise meritless jurisdictional claims.  Such a claim defies logic.  Every other claim portrayed as "new" was clearly set forth in the complaint and PI memorandum.

7.  SEC's Motion should be denied for failure to conform to the rules and its abuse of motion practice to cut off ongoing negotiations.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Margaret A. Little* |
| Mark D. Siegmund | Margaret A. Little CT303494 |
| State Bar Number 24117055 | Andrew J. Morris* |
| CHERRY JOHNSON SIEGMUND | Margot J. Cleveland* |
| JAMES PLLC | Zhonette Brown |
| The Roosevelt Tower | Dan Kelly |
| 400 Austin Avenue, 9th Floor | NEW CIVIL LIBERTIES ALLIANCE |
| Waco, Texas 76701 | 1225 19th St. NW, Suite 450 |
| Tel: (254) 732-2242 | Washington, DC 20036 |
| Fax: (866) 627-3509 | Tel: (202) 869-5210 |
|  | Fax: (202) 869-5238 |
|  | *Admitted *Pro Hac Vice* |

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I certify that on August 30, 2024, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Margaret A. Little*
Margaret A. Little

# Exhibit 1

## Peggy Little

| | |
|---|---|
| **From:** | Peggy Little |
| **Sent:** | Thursday, August 29, 2024 4:58 PM |
| **To:** | Deutsch, Elizabeth B.; Sverdlov, Alexander V.; Andrew Morris; Ehrlich, Stephen (CIV); Gershengorn, Ian Heath; Boyle, Gregory M.; Unikowsky, Adam G. |
| **Cc:** | Andy Stephens |
| **Subject:** | RE: Davidson v Gensler: request for consent to exceed page limits |

Counsel,

We agree that it makes sense to confer and agree upon page limits without involving the judge in such disputes.

Your calculations of the appropriate page lengths do not withstand analysis. Both SEC and CAT LLC are including in the 111 pages significant briefing that was responsive to arguments advanced by only one of the defendants— just as an example, CAT LLC's state action and specific personal jurisdiction, relief defendant and other briefing that is specific only to CAT took up over 30 pages. Likewise, the appropriations laws violations and agency authority under the '34 Act, major question, constitutional and other government entity arguments and appellate review model arguments against the government took up nearly 70 pages of our brief.

For both defendants to double-count such arguments and then each demand that both defendant get ½ the doubled-up page numbers on a reply brief is neither reasonable nor is such an argument likely to persuade the judge.

We think our offer of a 35 page reply was more than reasonable. We are willing to agree to a 45 page limit.

And please stop demanding answers by the end of the day. Neither Andy nor my schedule permitted us to respond within those unreasonable time limits.

We look forward to hearing from you.
Peggy

**New Civil Liberties Alliance**

**Margaret A. Little\***
*Senior Litigation Counsel*
New Civil Liberties Alliance
202.869.5212
peggy.little@ncla.legal

\*Not licensed in Virginia; admitted to practice in Connecticut, D.C., and select federal jurisdictions

Follow NCLA • X • LinkedIn • Facebook • YouTube • Instagram

We've moved! Our new address is:
4250 N. Fairfax Drive, Suite 300, Arlington, VA 22203

# Exhibit 2

# Peggy Little

| | |
|---|---|
| **From:** | Deutsch, Elizabeth B. <EDeutsch@jenner.com> |
| **Sent:** | Friday, August 30, 2024 11:37 AM |
| **To:** | Peggy Little; Sverdlov, Alexander V.; Andrew Morris; Ehrlich, Stephen (CIV); Gershengorn, Ian Heath; Boyle, Gregory M.; Unikowsky, Adam G. |
| **Cc:** | Andy Stephens |
| **Subject:** | RE: Davidson v Gensler: request for consent to exceed page limits |

Hi Peggy,

CAT LLC agrees to a 45-page reply brief, per your email below, and accordingly will drop its opposition to plaintiffs' brief length. We plan to file an unopposed motion reflecting the same.

Best,
Liz


**From:** Peggy Little <peggy.little@ncla.legal>
**Sent:** Thursday, August 29, 2024 4:58 PM
**To:** Deutsch, Elizabeth B. <EDeutsch@jenner.com>; Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Andrew Morris <Andrew.morris@ncla.legal>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Boyle, Gregory M. <GBoyle@jenner.com>; Unikowsky, Adam G. <AUnikowsky@jenner.com>
**Cc:** Andy Stephens <andy@andysfinehomes.com>
**Subject:** RE: Davidson v Gensler: request for consent to exceed page limits

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,
We agree that it makes sense to confer and agree upon page limits without involving the judge in such disputes.

Your calculations of the appropriate page lengths do not withstand analysis. Both SEC and CAT LLC are including in the 111 pages significant briefing that was responsive to arguments advanced by only one of the defendants—just as an example, CAT LLC's state action and specific personal jurisdiction, relief defendant and other briefing that is specific only to CAT took up over 30 pages. Likewise, the appropriations laws violations and agency authority under the '34 Act, major question, constitutional and other government entity arguments and appellate review model arguments against the government took up nearly 70 pages of our brief.

For both defendants to double-count such arguments and then each demand that both defendant get ½ the doubled-up page numbers on a reply brief is neither reasonable nor is such an argument likely to persuade the judge.

We think our offer of a 35 page reply was more than reasonable. We are willing to agree to a 45 page limit.

And please stop demanding answers by the end of the day. Neither Andy nor my schedule permitted us to respond within those unreasonable time limits.

We look forward to hearing from you.
Peggy

1