UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIK DAVIDSON, *et al.*,<br><br>             Plaintiff,<br><br>       v.<br><br>GARY GENSLER, in his official capacity as Chairman of the U.S. Securities and Exchange Commission, *et al.*,<br><br>             Defendants. | Case No. 6:24-cv-00197-ADA |

### SEC DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
### FOR EXTENSION OF PAGE LIMITS

Plaintiffs provide no valid basis for the Court to deny the SEC's Defendants' request for a 55-page reply brief. They claim that the SEC Defendants' motion "is procedurally improper" because it "has no certificate of conference as required by local rule CV-7(g)." Pls.' Opp'n at 1, ECF No. 78. But Rule 7(g) simply requires the movant to note "*within the body of the motion* that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Local Rule CV-7(g) (emphasis added). That is exactly what Plaintiffs did in moving for their own page extension; they noted the parties' conferral process in "the body of the[ir] motion," Local Rule CV-7(g), and did not attach a "certificate of conference." *See* Pls.' Mot. at 2, ECF No. 43. The SEC Defendants did the same, explaining that Plaintiffs offered their consent to only a 35-page brief (later upped to 45 pages) and "at about a third the length of Plaintiffs' own submission, this offer is unworkable." SEC Mot. at 2, ECF No. 73.

Nor were "the parties still were conferring about the issue." Pls.' Opp'n at 1, ECF No. 78. In an email from the SEC's counsel that Plaintiffs conveniently omit from their

1

attached exhibits, undersigned counsel clearly explained the reasons for their 55-page request and said: "we would again ask that you consent to the 55-pages we requested in exchange for us withdrawing our opposition to your motion for leave; otherwise, we will likely have to have the court resolve all the motions as contested, which seems unnecessary at this stage." *See* Ex. A at 3. Plaintiffs declined and countered with only 45 pages.[1] To say that the parties had not reached an "impasse" when Plaintiffs twice refused the SEC Defendants' request is disingenuous. Pls.' Opp'n at 2, ECF No. 78. And it is doubly disingenuous to say that the SEC Defendants are the ones "abus[ing]" motions practice when Plaintiffs moved the Court to file a 122-page brief on the day it was due. *Compare* Pls.' Opp'n at 3, ECF No. 78, *with* Defs.' Opp'n, ECF No. 44.

Plaintiffs' only other contention is that their 122-page brief "made the arguments that were responsive to the SEC Defendants' Motion to Dismiss." *Id.* at 2. True enough. But the SEC Defendants' point was that Plaintiffs had never before briefed many of those arguments and "Plaintiffs' scattershot method of presenting these issues requires the SEC Defendants to carefully explain how Plaintiffs misconstrue the underlying statutory provisions and prior caselaw," which will be "challenging" even "within the 55 pages that the SEC Defendants currently request." SEC Mot. at 2, ECF No. 73. In fact, there is no real dispute that "sheer number and breadth of issues the SEC Defendants must address is significant." *Id.* In Plaintiffs' own words, their 122-page brief covers "a large number of arguments, including threshold jurisdiction and standing arguments" and "arguments challenging all of the Complaints' claims." *See* Pls.' Mot. at 1–2, ECF No. 43.

---

[1] Plaintiffs note that they "reached agreement with CAT LLC that CAT LLC can file a brief of 45 pages." Pls.' Opp'n at 1, ECF No. 78. But as CAT LLC itself points out, "the variance in defendants' page requests results from the different scopes of their motions to dismiss." *See* CAT LLC Mot. at 2–3, ECF No. 79. "The SEC defendants' motion to dismiss raises several issues not raised in CAT LLC's motion, and responses to those issues span over 50 pages of plaintiffs' brief." *Id.*

The SEC Defendants respectfully request that the Court extend the default page limit for the SEC Defendants' reply and permit them to file a brief not exceeding 55 pages.

DATED: August 30, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Director, Federal Programs Branch

/s/ Stephen Ehrlich
STEPHEN EHRLICH
ALEXANDER V. SVERDLOV
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for the SEC Defendants*