UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIK DAVIDSON, *et al.*,<br><br>        Plaintiff,<br><br>v.<br><br>PAUL S. ATKINS, in his official capacity as Chairman of the U.S. Securities and Exchange Commission, *et al.*,<br><br>        Defendants. | Case No. 6:24-cv-00197-ADA |

### SEC DEFENDANTS' STATUS REPORT AND
### MOTION TO CONTINUE ABEYANCE

Pursuant to this Court's order of July 7, 2025, the SEC Defendants respectfully submit this status report and request that the Court continue to hold this case in abeyance. In its initial motion for an abeyance, the SEC Defendants explained that ongoing and anticipated agency proceedings could result in material changes to the Consolidated Audit Trail ("CAT")—the subject of this lawsuit—that bear directly on the legal issues the Court would have to decide if it were to conclude that it has jurisdiction to consider Plaintiffs' claims. As discussed further below, those agency proceedings have already resulted in changes to CAT that narrow or substantially affect the issues in this case, and ongoing and anticipated proceedings may result in additional material changes. The SEC Defendants therefore respectfully request that the Court continue to hold this case in abeyance until July 15, 2026. Plaintiffs object to the filing of this motion while the case is in abeyance and oppose the requested continuation of the abeyance. Defendant Consolidated Audit Trail, LLC does not oppose this motion.

1

## BACKGROUND AND RECENT DEVELOPMENTS

CAT integrates regulatory data previously available from disparate sources into a single database that the SEC and the self-regulatory organizations ("SROs") it oversees currently rely on to regulate the U.S. securities markets. In July 2012, the SEC adopted Rule 613, which directed the SROs to jointly file a National Market System ("NMS") plan to create, implement, and maintain a consolidated audit trail. Consolidated Audit Trail, 77 Fed. Reg. 45,722 (Aug. 1, 2012). The SEC approved the SROs' proposed CAT NMS Plan in November 2016. Order Approving the NMS Plan for the Consolidated Audit Trail, 81 Fed. Reg. 84,696. Plaintiffs filed this suit challenging Rule 613 on a wide range of constitutional and statutory grounds almost eight years later, in April 2024.

In June 2025, the SEC Defendants moved the Court to hold this case in abeyance while the SEC engaged in proceedings that could narrow or substantially affect the issues in the case. SEC Motion to Hold Case in Abeyance, ECF No. 116 (June 11, 2025) ("Mot."). The SEC Defendants explained that a majority of the SEC's Commissioners had expressed concerns about CAT's cost, scope, and collection of personal customer information, and that the SEC had recently taken a number of steps in light of such concerns. *Id.* at 2-3. For example, in February 2025, the SEC provided an exemption from the requirement that broker-dealers and SROs report to CAT personal customer information—name, address, and birth year—for natural persons with social security numbers or tax-payer identification numbers. *Id.* at 2. And the SEC was considering CAT NMS Plan amendments proposed by the SROs that would codify that exemptive relief and end CAT's collection and storage of such information entirely. *Id.* In addition, the SEC's new Chairman had announced that the agency would be undertaking a comprehensive review of CAT. *Id.* at 3.

On July 7, 2025, the Court agreed to hold this case in abeyance until January 15, 2026, and directed the SEC Defendants to provide a status report to the Court on or before that date. Text Order (July 7, 2025). During the abeyance period, the SEC has taken several

significant CAT-related actions. On January 13, 2026, the SEC approved the SROs' proposed amendments to end the reporting of personal customer information to CAT and to remove such previously reported customer information stored in CAT. Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, as Modified by Amendment Nos. 1 and 2 and by the Commission, Regarding the Customer and Account Information System, Release No. 34-104586 (Jan. 13, 2026), https://www.sec.gov/files/rules/sro/nms/2026/34-104586.pdf ("CAIS Order"). The SEC also granted exemptive relief from certain other CAT NMS Plan requirements that could reduce CAT's annual operating costs by more than $20 million. *See* Order Granting Conditional Exemptive Relief, 90 Fed. Reg. 47,853 (Oct. 2, 2025); Order Extending Temporary Conditional Exemptive Relief, 90 Fed. Reg. 35,561 (July 28, 2025).

As a result of these and other cost savings measures, CAT's annual operating budget has been reduced from an estimated $248 million at the time Plaintiffs' filed their amended complaint[1] to an estimated $156 million today[2]. The SEC is currently considering cost savings amendments recently proposed by the SROs that the SROs estimate may further reduce CAT costs by approximately $55 to $73 million per year. Notice of Filing of Amendment to the National Market System Plan Governing the Consolidated Audit Trail To Further Reduce the Costs of the Consolidated Audit Trail, 90 Fed. Reg. 61,506 (Dec. 31, 2025). Pursuant to SEC Rule 608(b)(2), the SEC must issue an order approving or disapproving the SROs' proposal or institute proceedings to determine whether to approve or disapprove the proposal by March 31, 2026. 17 C.F.R. § 242.608(b)(2). If the SEC were to institute proceedings, it would then have until June 29, 2026, to issue an order approving or disapproving the proposal.

---

[1] *See* https://catnmsplan.com/sites/default/files/2024-11/11.20.24-CAT-LLC-2025-Financial_and_Operating-Budget.pdf.

[2] *See* https://catnmsplan.com/sites/default/files/2025-12/12.08.25-CAT-LLC-2026-Financial_and_Operating_Budget.pdf.

While that deadline is subject to two potential 60-day extensions, the final deadline would be no later than October 27, 2026.

Additional proceedings to consider further changes to CAT are anticipated. The SEC's most recent Regulatory Flexibility Agenda, issued on September 4, 2025, states that the Division of Trading and Markets "is considering recommending that the Commission invite public comment to inform a comprehensive rethink of the Consolidated Audit Trial (CAT), including its design and functionality and the scope of collected information, to assess potential modifications to CAT to address ongoing cost and data security concerns while supporting clearly defined regulatory objectives." Securities and Exchange Commission, *Regulatory Flexibility Agenda: Evaluating the Continued Effectiveness of the Consolidated Audit Trail*, RIN 3235-AN54, available at https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=3235-AN54 (last visited Jan. 15, 2026) ("Sept. 2025 Reg Flex Agenda"); *see also* Chairman Paul S. Atkins, Statement on the Spring 2025 Regulatory Agenda (Sept. 4, 2025), https://tinyurl.com/yafcfyxk (highlighting that the regulatory agenda "considers recommending that the Commission invite public comment regarding rethinking the [CAT]").

## ARGUMENT

The Court should continue to hold this case in abeyance. As the SEC Defendants previously explained, courts routinely hold challenges to agency action in abeyance when ongoing or developing agency proceedings may moot or otherwise affect the issues in the case. Mot. 3. Here, developments during the abeyance period confirm that the program that is the subject of this lawsuit is in flux. The conservation of judicial and party resources counsels against resuming briefing over that moving target.

CAT has already been altered in ways that materially affect the legal claims in Plaintiffs' amended complaint. For example, in arguing that CAT is a "mass surveillance" program that violates the Fourth Amendment, Plaintiffs rely heavily on the premise that CAT collects and stores investors' "personal" information and makes it directly accessible to the SEC. *See* Amended Compl. ¶¶ 73-83, 92, ECF No. 99 (Jan. 13, 2025); *see also* Mot. 4-5 (citing

4

other examples).  Similarly, Plaintiffs point to the privacy and data security risks associated with collecting and storing personal customer data as reason to doubt that Congress granted the Commission authority to create CAT.  *See* Mot. 4-5.  But as a result of the SEC's recent approval of SRO-proposed amendments,  CAT will stop collecting or storing such personal data, and the SEC will no longer have direct access to it.  *See* CAIS Order.

Moreover, the SEC is currently considering a series of additional reforms proposed by the SROs that could reduce annual CAT costs by as much as nearly 40%.  90 Fed. Reg. 61,506.  And the SEC also recently announced that it is considering a "comprehensive re-think" of CAT that could result in further "modifications" to, among other things, CAT's "design and functionality" and the "scope of collected information."  Sept. 2025 Reg Flex Agenda.  It makes little sense for this Court to consider and potentially decide multiple complex constitutional and statutory claims, which may turn at least in part on the nature of the data CAT collects, how and by whom it is accessed, how much it costs, who pays for it, and who operates it, while the Commission is actively undertaking that top-to-bottom review.

Plaintiffs have indicated that they believe the Court's stay order precludes the filing of *any* motion while the stay is in effect.  While that order paused further proceedings on the merits, nothing in the order prohibits the parties from filings motions concerning the stay itself.  Parties routinely file, and courts routinely consider, motions to lift or extend abeyances filed during an abeyance period.[3]

For these reasons, the SEC Defendants respectfully request that the Court continue to hold this case in abeyance until July 15, 2026.

---

[3] *See, e.g.*, Unopposed Motion to Continue Abeyance, *Am. Secs. Ass'n v. SEC*, No. 24-13751 (11th Cir. Aug. 11, 2025); Unopposed Motion to Continue Abeyance, *Am. Secs. Ass'n v. SEC*, No. 24-13750 (11th Cir. Aug. 11, 2025); Joint Status Report and Motion for Continued Abeyance, *Elite Bros., L.L.C. v. FDA*, No. 25-1226 (1st Cir. Aug. 6, 2025); Corrected Status Report and Motion to Hold Appeal in Abeyance for 60 Additional Days, *Ryan, L.L.C. v. FTC*, No. 24-10951 (5th Cir. July 10, 2025); Joint Motion to Continue Abeyance, *Texas v. NRC*, No. 6:24-cv-00507 (E.D. Tex. June 27, 2025); Status Report and Motion to Continue Abeyance, *Institutional S'holder Servs., Inc. v. SEC*, No. 1:19-cv-3275 (D.D.C. Dec. 31, 2021).

DATED:  January 15, 2026  Respectfully submitted,

/s/ Daniel Matro
DANIEL MATRO (*pro hac vice*)
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
Phone:  (202) 551-8248
Email:  matrod@sec.gov

JASON J. ROSE
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
Phone:  (817) 978-1408
Email:  rosej@sec.gov

*Counsel for the SEC Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiffs and counsel for Defendant Consolidated Audit Trail, LLC.  Plaintiffs object to the filing of this motion while the case is in abeyance and oppose the requested continuation of the abeyance.  Defendant Consolidated Audit Trail, LLC does not oppose this motion.

/s/ Daniel Matro
Daniel Matro

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Daniel Matro
Daniel Matro