**No. 24-00197**

IN THE

# United States District Court

FOR THE

# Western District of Texas

—————— ◆•◆ ——————

DAVIDSON, *et al.*,

*Plaintiffs,*

– v. –

ATKINS, *et al.*,

*Defendants.*

---

**BRIEF OF ADVANCING AMERICAN FREEDOM, INC.; AMERICAN ASSOCIATION OF SENIOR CITIZENS; AMERICAN CONSTITUTIONAL RIGHTS UNION; AMERICAN ENCORE; AMERICAN FAMILY ASSOCIATION; AFA ACTION; AMERICAN SECURITIES ASSOCIATION; AMERICAN VALUES; AMERICANS FOR LIMITED GOVERNMENT; ASSOCIATION OF MATURE AMERICAN CITIZENS ACTION; SHAWNNA BOLICK, ARIZONA STATE SENATOR, DISTRICT 2; CAPABILITY CONSULTING; CENTER FOR INDEPENDENT THOUGHT; CENTER FOR POLITICAL RENEWAL; CENTER FOR URBAN RENEWAL AND EDUCATION (CURE);**

*(For Continuation of Midline See Inside Cover)*

---

J. MARC WHEAT
  *Counsel of Record*
(VA State Bar No. 39602)
ADVANCING AMERICAN FREEDOM INC
801 Pennsylvania Avenue, NW, Suite 930
Washington, DC 20004
(202) 780-4848
mwheat@advancingamericanfreedom.com

*Counsel for Amicus Curiae*

July 22, 2026

COUNSEL PRESS
A ᗷ Proceed Service
The Appellate Experts®    (800) 4-APPEAL • (132317)

**EAGLE FORUM; JOANN FLEMING, EXECUTIVE DIRECTOR, GRASSROOTS AMERICA - WE THE PEOPLE PAC; FRONTLINE POLICY COUNCIL; REPRESENTATIVE STEVEN E. GALLOWAY, DISTRICT 24, MONTANA HOUSE OF REPRESENTATIVES; CHARLIE GEROW; ALLEN J. HEBERT, CHAIRMAN, AMERICAN-CHINESE FELLOWSHIP OF HOUSTON; ILLINOIS POLICY INSTITUTE; INSTITUTE FOR POLICY INNOVATION; INTERNATIONAL CONFERENCE OF EVANGELICAL CHAPLAIN ENDORSERS; JCCWATCH.ORG; JOB CREATORS NETWORK FOUNDATION LEGAL ACTION FUND; TIM JONES, FORMER SPEAKER, MISSOURI HOUSE, FOUNDER, LEADERSHIP INSTITUTE FOR AMERICA; LOUISIANA FAMILY FORUM; JENNY BETH MARTIN, HONORARY CHAIRMAN, TEA PARTY PATRIOTS ACTION; MEN AND WOMEN FOR A REPRESENTATIVE DEMOCRACY IN AMERICA, INC.; NATIONAL RELIGIOUS BROADCASTERS; NEW JERSEY FAMILY FOUNDATION; NEW JERSEY FAMILY POLICY CENTER; NEW YORK STATE CONSERVATIVE PARTY; NORTH CAROLINA INSTITUTE FOR CONSTITUTIONAL LAW; ORTHODOX JEWISH CHAMBER OF COMMERCE; MELISSA ORTIZ, PRINCIPAL & FOUNDER, CAPABILITY CONSULTING; RIO GRANDE FOUNDATION; PAMELA S. ROBERTS, IMMEDIATE PAST PRESIDENT, KENTUCKY FEDERATION OF REPUBLICAN WOMEN; RUSSELL KIRK CENTER FOR CULTURAL RENEWAL; SETTING THINGS RIGHT; 60 PLUS ASSOCIATION; STAND FOR GEORGIA VALUES ACTION; STRATEGIC COALITIONS & INITIATIVES, LLC; STUDENTS FOR LIFE OF AMERICA; TEA PARTY EXPRESS; TEA PARTY PATRIOTS ACTION, INC.; THE JUSTICE FOUNDATION; TRADITION, FAMILY, PROPERTY, INC.; SUZI VOYLES, PRESIDENT, EAGLE FORUM OF GEORGIA; HON. WILLIAM WAGNER (RET), DISTINGUISHED PROFESSOR OF LAW EMERITUS; J. MICHAEL WALLER; WISCONSIN FAMILY ACTION, INC.; WOMEN FOR DEMOCRACY IN AMERICA, INC.; YANKEE INSTITUTE; YOUNG AMERICA'S FOUNDATION; AND YOUNG CONSERVATIVES OF TEXAS AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF INTEREST OF AMICI ............................................................ 1

INTRODUCTION ............................................................................................... 3

ARGUMENT ..................................................................................................... 5

    I.     The Government Should not be Able to Avoid Judicial
           Review by Simply Claiming it is Still Thinking About
           Whether it Might at Some Point Cease its Constitutional
           Violation ..................................................................................... 5

CONCLUSION .................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Alliance for Hippocratic Medicine v. Food and Drug Administration*,
  No. 22-00223, slip op (N.D. Tex. Apr. 7, 2023) *stayed in part*,
  2023 WL 2913725 (5th Cir. Apr. 12, 2023), *rev'd*,
  No. 23-235 (June 13, 2024) ...................................................................................5

*Elrod v. Burns*,
  427 U.S. 347 (1976).......................................................................................3, 9

*Gonzales v. Raich*,
  545 U.S. 1 (2005)................................................................................................8

*King v. Burwell*,
  576 U.S. 473 (2015).............................................................................................8

*Marbury v. Madison*,
  5 US (2 Cranch) 137 (1803) ...............................................................................4

*United States v. Lopez*,
  514 U.S. 549 (1995)............................................................................................9

*Util. Air Regul. Grp. v. Environmental Prot. Agency*,
  573 U.S. 302  (2014)...........................................................................................8

*West Virginia v. EPA*,
  597 U.S. 697 (2022)................................................................................... 6, 7, 8

**Constitutional Provisions:**

U.S. Const. amend. I ...............................................................................................9

U.S. Const. amend. IV ........................................................................................8, 9

U.S. Const. art 1, § 1 ..............................................................................................9

U.S. Const. art 1, § 7, cl. 1 .....................................................................................6

U.S. Const. art 1, § 8, cl. 1 .....................................................................................6

U.S. Const. art 1, § 8, cl. 3 .....................................................................................8

U.S. Const. art 1, § 9, cl. 7 ..................................................................................6, 9

**Other Authorities:**

*A Closer Look: SEC's Edgar Hacking Case*, Patterson, Kelknap, Webb, & Tyler, JD (Feb. 13, 2019) ...................................................................................7

Amir Bibawy, *SEC Reveals 2016 Hack That Breached Its Filing System*, Associated Press (Sep. 20, 2017)..................................................................7

Colleen McClain, Michelle Faverio, Monica Anderson, Eugenie Park, *How Americans View Data Privacy*, Pew Research Center (Oct. 18, 2023)..........7

Edwin J. Feulner, Jr, *Conservatives Stalk the House: The Story of the Republican Study Committee* (Green Hill Publishers, Inc. 1983) .........................1

Katie Kolchin, *Top 10 Takeways from SIFMA's 2024 Capital Markets Fact Book*, SIFMA (August 12, 2024) ...........................................................6

Neil Gorsuch & Janie Nitze, *Over Ruled: The Human Toll of Too Much Law* (2024) .........................................................................3

T.S. Eliot, *The Poems of T. S. Eliot Volume II: Practical Cats and Further Verses* (Faber & Faber 2015)...............................................4

Zach Kessel, *SEC Finalizing a 'Big Brother' Database to Track Americans' Stock Trades in Real Time* (July 23, 2024)...........................7

iii

## STATEMENT OF INTEREST OF AMICI

Advancing American Freedom (AAF) is a nonprofit organization that promotes and defends policies that elevate traditional American values, including the uniquely American idea that all people are created equal and endowed by their Creator with unalienable rights to life, liberty, and the pursuit of happiness.[1] AAF "will continue to serve as a beacon for conservative ideas, a reminder to all branches of government of their responsibilities to the nation,"[2] and believes that the governmental structures established by the Constitution are necessary for the preservation of the liberties of the people. When the administrative state usurps the powers of the constitutional branches and the courts fail to intervene, the rights of the people are imperiled. AAF submits this amicus curiae brief on behalf of its 14,374 members in the Fifth Circuit including 10,831 members in Texas.

*Amici* American Association of Senior Citizens; American Constitutional Rights Union; American Encore; American Family Association; AFA Action; American Securities Association; American Values; Americans for Limited Government; Association of Mature American Citizens Action; Shawnna Bolick, Arizona State Senator, District 2; Capability Consulting; Center for Independent

---

[1] No counsel for a party authored this brief in whole or in part. No person other than Amicus Curiae and its counsel made any monetary contribution intended to fund the preparation or submission of this brief.

[2] Edwin J. Feulner, Jr, *Conservatives Stalk the House: The Story of the Republican Study Committee* 212 (Green Hill Publishers, Inc. 1983).

1

Thought; Center for Political Renewal; Center for Urban Renewal and Education (CURE); Eagle Forum; JoAnn Fleming, Executive Director, Grassroots America - We the People PAC; Frontline Policy Council; Representative Steven E. Galloway, District 24, Montana House of Representatives; Charlie Gerow; Allen J. Hebert, Chairman, American-Chinese Fellowship of Houston; Illinois Policy Institute; Institute for Policy Innovation; International Conference of Evangelical Chaplain Endorsers; JCCWatch.org; Job Creators Network Foundation Legal Action Fund; Tim Jones, Former Speaker, Missouri House, Founder, Leadership Institute for America; Louisiana Family Forum; Jenny Beth Martin, Honorary Chairman, Tea Party Patriots Action; Men and Women for a Representative Democracy in America, Inc.; National Religious Broadcasters; New Jersey Family Foundation; New Jersey Family Policy Center; New York State Conservative Party; North Carolina Institute for Constitutional Law; Orthodox Jewish Chamber Of Commerce; Melissa Ortiz, Principal & Founder, Capability Consulting; Rio Grande Foundation; Pamela S. Roberts, Immediate Past President, Kentucky Federation of Republican Women; Russell Kirk Center for Cultural Renewal; Setting Things Right; 60 Plus Association; Stand for Georgia Values Action; Strategic Coalitions & Initiatives, LLC; Students for Life of America; Tea Party Express; Tea Party Patriots Action, Inc.; The Justice Foundation; Tradition, Family, Property, Inc.; Suzi Voyles, President, Eagle Forum of Georgia; Hon. William Wagner (Ret), Distinguished

2

Professor of Law Emeritus; J. Michael Waller; Wisconsin Family Action, Inc.; Women for Democracy in America, Inc.; Yankee Institute; Young America's Foundation; and Young Conservatives of Texas believe that the constitutional separation of powers is essential to the protection of the rights and liberties of the American people.

### INTRODUCTION

Justice delayed is justice denied. "The loss of First Amendment freedoms," or any constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). For the government, time is often not of the essence. Government officials can come and go while cases and proceedings drag on. For the American people, however, justice delayed can mean missed opportunities, harm to privacy and liberty, and irreparable injustice.

The Securities and Exchange Commission (SEC) circumvented congressional authorization and appropriation powers when it launched its massive surveillance program against the American people and compelled private entities it regulates to build and pay for it.[3] The SEC here asks this Court to yet again delay its

---

[3] Justice Gorsuch points out that regulatory agencies regularly circumvent congressional authority. "[A]gencies can write, change, and change again rules affecting millions of Americans – all without any input from Congress." Neil Gorsuch & Janie Nitze, *Over Ruled: The Human Toll of Too Much Law* 77 (2024).

consideration of the unconstitutional Consolidated Audit Trail (CAT). The CAT is a data collection and surveillance system which aggregates, for the perusal of a multitude of federal and quasi-regulatory agents, every securities trade in the United States and matches it to personally identifiable information (PII) of those on both sides of the transaction. It is not hard to imagine the myriad dangers CAT poses, not least of which is the potential that it captures private donor information for donations of securities.

To allow the SEC to continue to collect massive amounts of Americans' personal data while it contemplates whether to put the CAT down would be an affront to justice. Further, even if the SEC shut down the CAT today, plaintiffs would still be entitled to judicial review and remediation for the harm they have already suffered. "With [CAT], some say, one rule is true: Don't speak till you are spoken to."[4] The impertinent delay has stretched on long enough. The Court should deny the SEC's motion to Stay.

---

As for the constitutionality of such an arrangement see *Marbury v. Madison*, 5 US (2 Cranch) 137, 174, 176 (1803): "All laws which are repugnant to the Constitution are null and void."

[4] T.S. Eliot, *The Poems of T. S. Eliot Volume II: Practical Cats and Further Verses* 33 (Faber & Faber 2015).

4

## ARGUMENT

**I.    The Government Should not be Able to Avoid Judicial Review by Simply Claiming it is Still Thinking About Whether it Might at Some Point Cease its Constitutional Violation.**

The Government likes delays. When the Northern District of Texas issued its decision in *Alliance for Hippocratic Medicine v. Food and Drug Administration*, Judge Matthew Kacsmaryk addressed an obvious question: "Why did it take *two decades* for judicial review" of the legality of the FDA's 2000 approval of chemical abortion drugs? No. 22-00223, slip op. at 1 (N.D. Tex. Apr. 7, 2023) *stayed in part*, 2023 WL 2913725 (5th Cir. Apr. 12, 2023), *rev'd* No. 23-235 (June 13, 2024). Because "FDA stonewalled judicial review;" it "postponed and procrastinated for nearly 6,000 days." *Id.*

Why would the FDA "postpone and procrastinate" for so long? Because it cost the FDA and its administrators nothing. From the time the chemical abortion drugs were approved to the time Judge Kacsmaryk issued his decision, the commissionership of the FDA changed hands 15 times. All the while, the legality of the agency's approval of the drug went (and continues to go) undecided by federal courts.

Perhaps the SEC would be happy to continue collecting Americans' personal data for another two decades before finally facing judicial review of the CAT. This Court

should not allow it to do so. The CAT's abuse of the Constitution like a scratching post has persisted for an intolerable length of time.

First, the CAT's funding mechanism usurps Congress's constitutionally delegated authority to appropriate funds. Recognizing both Congress's need for the power to raise funds and that power's potential for abuse, the Framers specifically entrusted Congress, not the executive branch, with power over revenue and appropriation. The Constitution requires that bills for raising revenue originate in the House of Representatives and pass the Senate. U.S. Const. art. 1, § 7, cl. 1. The Constitution reserves for Congress the power to lay and collect taxes, U.S. Const. art 1, § 8 cl. 1, and approve any money before it can be appropriated from the Treasury. U.S. Const. art. 1, § 9, cl. 7. The CAT's funding mechanism usurps Congress's constitutionally delegated authority to tax and appropriate funds and erodes the separation of powers.

Second, the SEC's creation of the CAT implicates and violates the major questions doctrine because the collection and storage of personally identifiable information is a matter of "great political significance." *West Virginia v. EPA*, 597 U.S. 697, 743 (2022) (Gorsuch, J., concurring). The Federal Reserve reports that 58 percent of American households owned stocks in 2022.[5] A Pew Research poll

---

[5] Katie Kolchin, *Top 10 Takeways from SIFMA's 2024 Capital Markets Fact Book*, SIFMA (August 12, 2024), https://www.sifma.org/resources/news/top-10-takeaways-from-sifmas-2024-capital-markets-fact-book/.

conducted in 2023 found that 71 percent of American adults believed that the potential risks of government collection of their private data outweighed the benefits.[6]

Further, the SEC's very own Electronic Data Gathering, Analysis, and Retrieval system (EDGAR),[7] which processes over 1.7 million electronic filings annually, was not immune to this threat. In 2016, hackers traded on at least nonpublic information and earned over $4 million.[8] As former Attorney General William Barr noted about CAT, "It's guaranteed that all this data will end up with our adversaries, likely with the Chinese. Far more secure agencies have been successfully hacked."[9]

Beyond its political significance, the CAT also "regulates a significant portion of the American economy" and "requires billions of dollars in spending by private persons or entities." *West Virginia v. EPA*, 597 U.S. at 744 (Gorsuch, J., dissenting)

---

[6] Colleen McClain, Michelle Faverio, Monica Anderson, Eugenie Park, *How Americans View Data Privacy*, Pew Research Center (Oct. 18, 2023), https://www.pewresearch.org/internet/2023/10/18/how-americans-view-data-privacy/.

[7] Amir Bibawy, *SEC reveals 2016 hack that breached its filing system*, Associated Press (Sep. 20, 2017 11:37 PM) https://apnews.com/article/d81daf569c75472bbcba22d2f5ba0f34.

[8] *A Closer Look: SEC's Edgar Hacking Case*, Patterson, Kelknap, Webb, & Tyler, JD Supra (Feb. 13, 2019) https://www.jdsupra.com/legalnews/a-closer-look-sec-s-edgar-hacking-case-75223/.

[9] Zach Kessel, *SEC Finalizing a 'Big Brother' Database to Track Americans' Stock Trades in Real Time* (July 23, 2024 1:58 PM) https://www.nationalreview.com/news/sec-finalizing-a-big-brother-database-to-track-americans-stock-trades-in-real-time/.

(quoting *Util. Air Regul. Grp. v. Environmental Prot. Agency*, 573 U.S. 302 324 (2014); *King v. Burwell*, 576 U.S. 473, 517 (2015) (Scalia, J., dissenting)). Therefore, for the SEC to implement the CAT, the agency must point to "clear congressional authorization." *Id.* at 735. CAT is not based on any "clear congressional authorization." *Id.*

Third, CAT's disclosure requirements constitute unreasonable mass seizures that allow unrestricted, suspicionless searches in violation of the Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As former Attorney General William Barr observed, "If the government can collect this information just in case, that's the big-brother surveillance state."[10]

Fourth, even if the CAT were congressionally authorized, it would be unconstitutional because it is not a necessary and proper exercise of Congress's commerce power. The Constitution grants Congress the power "[t]o regulate Commerce . . . among the several States." U.S. Const. art. 1, § 8, cl. 3. In other words, it grants Congress the power "to regulate the buying and selling of goods and services trafficked across state lines." *Gonzales v. Raich*, 545 U.S. 1, 57 (2005)

---

[10] *Id.*

(Thomas, J., dissenting) (citing *United States v. Lopez*, 514 U.S. 549, 586-89 (1995) (Thomas, J., concurring)). Implementation of the CAT is neither a necessary nor proper means of exercising Congress's power to regulate interstate trade because the fit between the means (the CAT) and the end (regulating interstate commerce) is neither necessary nor proper. The CAT is not necessary because it is not an appropriate or plainly adapted method of regulating interstate commerce.

The CAT is not proper because it is inconsistent with the letter and spirit of the Constitution. Its authority rests on constitutionally prohibited extra-legislative rulemaking in violation of the Vesting Clause and Separation of Powers, its funding mechanism usurps Congress's authority to appropriate funds in violation of the Appropriations Clause, and its required disclosures constitute mass seizures violative of the Fourth Amendment. Congress, therefore, could not delegate this power to the SEC; *nemo dat quod non habet*. U.S. Const. art. I, § 1; U.S. Const. art. I, § 9, cl. 7; U.S. Const. amend. IV.

The SEC demands that this Court allow these numerous violations (as well as others) to persist for another six months. There is no reason for this Court to do so. "The loss of First Amendment freedoms," or any constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Further, plaintiffs have already suffered

9

constitutional injury that demands judicial review and remediation. The Court should not allow this case to be delayed any longer.

## CONCLUSION

For the forgoing reasons, the Court should deny the SEC's motion to further delay this Court's consideration of this case.

Respectfully submitted,

/s/ J. Marc Wheat
J. MARC WHEAT
  *Counsel of Record*
(VA State Bar No. 39602)
ADVANCING AMERICAN FREEDOM, INC.
801 Pennsylvania Avenue, N.W.
Suite 930
Washington, D.C. 20004
(202) 780-4848
MWheat@advancingamericanfreedom.com

*Counsel for Amici Curiae*

10